**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| RICHARD KENT WALKER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:21-cv-00201 |
| RENT RECOVERY SOLUTIONS, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes RICHARD KENT WALKER ("Plaintiff"), by and through the undersigned attorneys complaining as to the conduct of RENT RECOVERY SOLUTIONS, LLC, ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

**PARTIES**

4.   Plaintiff is a consumer over-the-age of 18 that resides in Willis, Texas, which is within the Southern District of Texas.

5.   Defendant is a debt collector as reflected on its website.[1] Defendant is a corporation organized under the laws of the state of Georgia and its principal place of business located is at 1945 The Exchange Southeast, Suite 120, Atlanta, Georgia 30339. Defendant regularly collects from consumers in the State of Texas.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   The instant action stems from Defendant's attempts to collect upon an apartment debt ("subject debt") which Plaintiff allegedly owes.

8.   Sometime in late 2020, Plaintiff received a collection call from Defendant.

9.   When he spoke to Defendant's representative, he learned that Defendant was attempting to collect upon the subject debt.

10.   During this call, Plaintiff disputed the subject debt.

11.   However, Defendant's representative refused to listen and stated that Defendant was only required to honor a debt dispute only if such dispute was made in writing.

---

https://rentrecoverysolutions.com/about-us/company-philosophy/

12. Frustrated with Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in pecuniary loss and expenditure of resources.

13. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

14. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, aggravation, emotional distress stemming from not being provided information regarding the debt Defendant was seeking collection on, being the target of unnecessary collection efforts, and a further violation of his state and federally protected interests to be free from harassing and deceptive collection conduct – interests which were materially harmed as a result of Defendant's false, deceptive, and misleading conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff repeats and realleges paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a (3) of the FDCPA.

17. Defendant is a "debt collector" as defined by §1692a (6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

18. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

19. The subject debt is a "debt" as defined by FDCPA §1692a (5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of 15 U.S.C § 1692e

20. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

21. In addition, this section enumerates specific violations, such as:

"The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and,

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

22. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) when it falsely informed Plaintiff that it would only honor a debt dispute only if this dispute was submitted to it in writing. Defendant's representative's statement mislead Plaintiff to believe that the only way to dispute the subject debt was through a written request. Defendant wanted to avoid providing Plaintiff with the information he requested as this would impede on Defendant's collection efforts to coerce Plaintiff to immediately make a payment on the subject debt.

### b.  Violations of FDCPA § 1692f

23. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

24. Defendant violated §1692f when it unfairly and unconscionably informed Plaintiff that it would only honor a debt dispute only if this dispute was submitted to it in writing .

WHEREFORE, Plaintiff, RICHARD KENT WALKER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**</u>

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

27. Defendant is a "debt collector" and/or a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

28. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.  Violations of TDCA § 392.304**

29. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

30. Defendant violated the above-referenced portion of the TDCA by falsely representing to Plaintiff that it only had to honor debt dispute which was submitted to it in writing.

WHEREFORE, Plaintiff, RICHARD KENT WALKER, respectfully requests that this Honorable Court grant the following:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Enjoining Defendant from further contacting Plaintiff; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 20, 2021

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Federal I.D. No. 3098183
*Counsel for Plaintiff*
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq.
Federal I.D. No. 3442886
*Counsel for Plaintiff*
Admitted in Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com

s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*
Federal I.D. No. 3470107
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 ext. 120 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com